UNITED STATED BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN RE:                          )
                                )
KEITH A. SNAVELY                )        CASE NO. 16-10595
SS# xxx-xx-3494                 )        CHAPTER 13
                                )
DEBTOR(S)                       )

## FIRST AMENDED CHAPTER 13 PLAN

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee and the debtor shall pay to the Trustee the sum of $550.00 monthly for 60 months. In addition, the debtor will retain the first $500.00 of combined State and Federal tax refunds with any balance to be paid to the Trustee for the benefit of creditors.

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) The debtor paid $300.00 to their attorney prior to filing. The Trustee will pay said attorney $3,700.00 for a total of $4,000.00 as an administrative expense. Any fees and expenses in excess of the above amount will be itemized for Court approval after notice to all creditors as an additional administrative expense.

(b) All allowed claims entitled to priority under 11 U.S.C. Section 507 will be paid in full. Non-administrative priority claims will be paid after administrative claims.

The Chapter 13 Trustee fees will be paid by statute.

(c) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

## GENERAL PROVISIONS

1. Duty of Mortgage Servicer to file Notice of Payment Change due to escrow analysis: The Mortgage Servicer shall perform an annual escrow analysis and shall file a yearly Notice of Payment Change with a copy of the escrow analysis showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection,

     the Trustee will modify the monthly payment in accordance with the Notice provided.
2. Duty of Mortgage Servicer to file Notice of Payment Change due to interest and ARM changes: The Mortgage Servicer shall timely file a Notice of Payment Change that contains the calculation of the new payment, the new interest rate and the date of the payment change. Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.
3. Duty of Mortgage Servicer to file Notice of Protective Advances: The Mortgage Servicer shall timely file a Notice with the Court if the servicer advances funds under the terms of the mortgage as a protective advance e.g. forced placed insurance or advance of taxes due to non payment.
4. Duty of Mortgage Servicer to file Notice of Post Petition Fees and Costs Assessed pursuant to the Mortgage. The Mortgage Servicer shall file yearly a Notice of all Post-Petition fees, costs of collection and all other contract charges assessed under the mortgage document, including attorney's fees. Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorneys' fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case shall be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, may be waived upon completion of this Plan. Notwithstanding the foregoing, no separate written notice shall be required to be sent by the Mortgage Holder for those fees, costs, charges and expenses that are awarded or approved by the Bankruptcy Court order or by Debtor's written agreement.

     Morgan Stanley Mortgage, the holder of a mortgage on the residential real estate of the debtor, will be paid in full by the Trustee at the contractual rate of interest.

     The allowed secured claim of the Allen County Treasurer for pre-petition real property taxes shall be paid in full, and the Allen County Treasurer shall retain the lien on the debtor's real estate securing such tax claim. Real estate property taxes are paid through the escrow of the debtor's mortgage company. Therefore, the secured claim of the Allen County Treasurer shall be paid DIRECTLY by the debtor's mortgage company outside the bankruptcy. HOWEVER, if the taxes are not paid timely during the bankruptcy, the Treasurer will notify the Bankruptcy Trustee by fax, and the estate will then pay the remaining portion of the secured claim INSIDE the bankruptcy. The debtor will then have the duty to increase the plan payments to provide for the additional claim.

     (d) subsequent to dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

     All allowed unsecured creditors will be paid on a pro rata basis.

3. The following executory contracts of the debtors are accepted:

N/A

4. Upon confirmation of the plan, the debtors' property will remain vested in the estate until discharge or dismissal of the case.

Dated: 5-27-16

Fred Wehrwein, Attorney for Debtor
1910 St. Joe Center Road #52
Fort Wayne, IN 46825
260-480-5700